

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAY 25 2017

ARTHUR JOHNSTON
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CEPHUS LOCKETT**                                                **PLAINTIFF**

**VS.**                                  CAUSE NO.: _3:17cv415 TSL- RHW_

**PECO FOODS INC and**
**JOHN DOES A-C**                                                **DEFENDANTS**

### COMPLAINT

 **COME NOW** Plaintiff, Cephus Lockett, by and through undersigned counsel, and files this Complaint against Peco Foods Inc., and John Does A-C., and for cause would show unto the Court the following, to wit:

### I. PARTIES

 1. Plaintiff Cephus Lockett is an adult resident citizen of Century, Florida.

 2. Defendant Peco Foods Inc., is a foreign corporation with its principal place of business located in Tuscaloosa, Alabama and can be served with process upon its registered agent CT Corporation System, 641 Lakeland East Drive Suite 101, Flowood, Mississippi 39232.

 3. Fictitious Defendants, John Does A-C, are any other unknown entities liable to Plaintiff as a result of the accident at issue, including the employee of Peco Foods that caused the subject accident whose identity is unknown at this time to Plaintiff.

## II. VENUE and JURISDICTION

4.      Venue is proper in that the incident forming the basis of this action occurred within this judicial district, and subject matter jurisdiction of this Court is invoked by Plaintiff pursuant to 28 U.S.C. §§ 1332, and 1339.

## III. FACTS

5.      On or about September 23, 2016, Plaintiff Cephus Lockett was a truck driver and was delivering a load to Defendant Peco Foods' Canton plant. While walking Plaintiff was struck by an employee of Peco Foods with a fork lift that he was operating.  The fork lift operator was carrying a load that prevented him from seeing in front of him and did not even recognize he had ran into Plaintiff.  After the collision, he continued to drag Plaintiff with the forklift until other employees yelled for him to stop.  As a result, Plaintiff suffered serious injuries

## IV. CAUSES OF ACTION

## NEGLIGENCE

6.      Plaintiff re-alleges and incorporate by reference the allegations above as if set forth in full hereinafter.

7.      At all pertinent times, the forklift operator was in the course and scope of his employment with Peco Foods and as such, Defendant Peco Foods are liable for his actions..

8.      The actions and inactions of the fork lift driver proximately caused serious physical injuries and emotional harm sustained by Plaintiff Lockett.  That said actions or inactions consisted of:

    a.      failure to keep a proper lookout;

    b.      operating the forklift without being able to see individuals including plaintff;

  c.  failure to bring his forklift under control and to stop the it when there was

     sufficient time and distance for him to do so before colliding into Plaintiff;

  d.  failure to exercise due caution in the operation of his forklift;

  e.  other negligent acts, omissions, and neglect of duty to be shown at the trial

     of this matter.

## DAMAGES

  9.  Plaintiff re-alleges and incorporate by reference the allegations above as if set forth in full hereinafter.

  10.  As a direct and proximate result of the concurrent, unlawful and/or negligent actions of the Defendant's employee, Plaintiff suffered severe and painful injuries, and on account of the same, Plaintiff is entitled to recover damages.

  11.  As a direct and proximate result of the concurrent, unlawful and/or negligent actions of the Defendant's employee, Plaintiff suffered great losses, physical pain and suffering, and damages of which he hereby requests of and from all Defendants.

  12.  Plaintiff is entitled to recover the damages on account of the following, all of which are the direct and proximate result of the negligence of the Defendant's employee, to wit:

  a.  injuries, maladies, conditions, damages, losses, pain and suffering, mental anguish, and agony sustained by Plaintiff Lockett;

  b.  the sum which Plaintiff is entitled to receive for the injuries, physical maladies and conditions, damages, losses, pain, suffering, mental anguish, and agony sustained as a result of the Defendants' negligent acts or inactions;

  c.  the sum which would compensate the Plaintiff for past, present, and future medical maladies and rehabilitation;

     d.     the sum which would compensate the Plaintiff for all incidental and consequential expenses sustained as a result of the Defendants' negligent actions or inactions, including but not limited to lost wages and future lost wages;

     e.     for all other damages and claims to be shown at trial.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff brings this action for said damages and expenses of and from the Defendants and for all damages to which they are entitled.

RESPECTFULLY SUBMITTED this the 15th day of May, 2017

RAYFORD G. CHAMBERS, MSB# 10503
**CHAMBERS & GAYLOR LAW FIRM PLLC**
Post Office Box 12393
Jackson, MS  39236
(601) 914-0248
(601) 914-0255 (fax)